## Edward Thompson et al. v. The County of Jo Daviess.

1. COUNTIES—*Liability for Expenses Attending the Burial of Indigent Veterans of the Civil War.*—Under the statute (Laws, 1901, p. 200) providing that it shall be the duty of the board of supervisors in counties under township organization and of the county commissioners in counties not under township organization to designate suitable persons, whose duty it shall be to cause to be properly interred the bodies of honorably discharged soldiers who served in the army of the United States during the late civil war, only such persons as have been designated by the board of supervisors are authorized to put a county to expense for such burials.

Assumpsit, for services in burying an indigent veteran of the civil war. Appeal from the Circuit Court of Jo Daviess County: the Hon. JAMES SHAW, Judge, presiding. Heard in this court at the April term, 1901. Affirmed. Opinion filed July 12, 1901. Rehearing denied October 8, 1901.

M. H. CLEARY, attorney for appellants.

J. C. BOEVERS, State's Attorney, and W. SPENSLEY, attorneys for appellee.

MR. JUSTICE WATERMAN delivered the opinion of the court.

Hover Oleson, an indigent veteran of the civil war, died in the town of Guilford, county of Jo Daviess.

The county board of Jo Daviess county had previously appointed a committee of one for each town in the county to attend to the burial of indigent soldiers. The committeeman appointed for Guilford, one C. Duerstine, was dead at the time of the death of Oleson, and no successor had been appointed. On November 2d, William Fleming, being informed of Oleson's death, and also of the death of Duerstine, committeeman for Guilford, came to Galena, went to the undertaking rooms of appellants, selected a casket, coffin box, burial robe and underwear, and took them out to the residence of the deceased, Oleson, and under the instructions and by the directions of the coroner buried the deceased on the following day in the burying ground on the county poor farm.

Fifteen or twenty minutes after Mr. Fleming left the business place of appellants with the above mentioned articles, Frank J. Sullivan, one of appellants, acquainted William Ehrler, supervisor of Guilford, with what had been done, and said Ehrler did not disapprove of what had then been done.

William Vincent, indigent veteran committeeman for East Galena, a town adjacent to Guilford, received notice of Oleson's death during the forenoon of November 2d, and with a number of civil war veterans, on November 4th, proceeded to the county farm, disinterred the remains of Oleson and interred the same in Greenwood cemetery, in the city of Galena, using the above mentioned articles furnished by appellants.

Appellants regularly filed their claim for the articles furnished at the December, 1899, meeting of the county board.

Action was deferred to the following February meeting, when the claim was rejected.

At the December, 1899, meeting of the county board, William Vincent filed a bill for $35 for burying said Oleson

Thompson v. County of Jo Daviess.

as an indigent veteran of the civil war, which bill was allowed in full by the county board.

At the February, 1900, meeting of the county board said William Vincent reported that he had tendered $15 to appellants in payment for their claim, which they refused to receive in full payment. Whereupon he returned said $15 into the county treasury; which report was received and approved by said board.

Appellants tendered their hearse to committeeman William Vincent and to the veteran committee, without charge, to re-inter the remains of Oleson, deceased. The verdict and judgment were for appellee.

By a statute in force July 1, 1891, it was enacted as follows:

"Be it enacted by the People of the State of Illinois, represented in the General Assembly, that it shall be the duty of the board of supervisors in counties under township organization, and of the county commissioners in counties not under township organization, to designate some suitable person or persons who shall serve without compensation, whose duty it shall be to cause to be properly interred the body of any honorably discharged soldier, sailor or marine who served in the army or navy of the United States during the late war, who may hereafter die in such county without having sufficient means to defray funeral expenses.

"The expense of such burial shall not exceed the sum of $35; such burial shall not be made in any cemetery or burial ground used exclusively for the burial of the pauper dead, or in that portion of any burial ground so used.

"The expense of such burial and headstone shall be paid by the county in which such soldier, sailor or marine resided at the time of his death; and the board of supervisors in such counties under township organization, or county commissioners in such counties not under township organization, are authorized and directed to audit the amount and pay the said expenses in a similar manner as other accounts against such county are audited and paid."

Under this statute only such person or persons as had been designated by the board of supervisors was or were authorized to put the county to expense for the burial of an honorably discharged soldier.

No such person obtained any article or service from appellants.

Is the county liable to appellants for articles furnished for the burial of a pauper, "or person not coming within the definition of a pauper" mentioned in section 24 of chapter 107 of the R. S. ?

Mr. Fleming, by whom the goods furnished were obtained, had no authority to bind the county. Mr. William Ehrler, supervisor, did not order or obtain any of the articles supplied to Mr. Fleming. His conversation with one of appellants after Mr. Fleming had taken the coffin, etc., away, was not a recognition of any authority by Mr. Fleming to bind the county or any promise that the county would pay appellants. He seems to have thought that he had nothing to do with the matter and to have understood that the old soldiers were attending to the burial.

Nor did appellants understand that any one authorized to see that a pauper or other person was "decently buried" at the expense of the county had procured or sanctioned the procuring of mortuary supplies from them.

Appellants acted, as did Mr. Fleming, hastily, and a mistake was made.

The proper indigent soldiers' committee took the matter up and saw that the honorably discharged soldier was buried in a place not set apart for paupers.

The expense thus incurred the county has paid.

The judgment of the Circuit Court is affirmed.